```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __9/20/21__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEVELAND BROADNAX,

                Plaintiff,

-against-

WARDEN MICHELLE HALLET, AMKC, et al.,

                Defendants.

21-CV-2926 (VSB)

ORDER OF SERVICE

<u>VERNON S. BRODERICK</u>, United States District Judge:

    Plaintiff, who is a pretrial detainee currently incarcerated in the Vernon C. Bain Center, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that while he was confined in the Anna M. Kross Center (AMKC) on Rikers Island, correction officials were deliberately indifferent to the serious risk of his contracting COVID-19. By order dated September 17, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

A.    "NYC DOC Corporation Counsel"

Plaintiff names as a defendant "NYC DOC Corporation Counsel," an entity that does not exist. But he makes it clear in the complaint that he is actually seeking to bring claims against

the New York City Department of Correction ("DOC").  (*See* Doc. 2 at 11.)  Such claims, however, must be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYC DOC Corporation Counsel with the City of New York.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.**     **Service on Correctional Health Services**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint on Correctional Health Services until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve Correctional Health Services until 90 days after the date the summons is issued.  If the complaint

is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Correctional Health Services through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C.     Waiver of Service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Warden Michelle Hallet, AMKC; Deputy Chester, AMKC; Deputy Sanchez, #8496, AMKC; Captain Thompson, #727, AMKC; Captain Hopkins, #779, AMKC; Captain Skinner, AMKC; Captain Barnaby, #299, AMKC; Officer Grant, AMKC; Officer Vincent, AMKC; Captain Sans, AMKC; Captain Guerra, #924, AMKC; and Officer Lubin, AMKC, waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against NYC DOC Corporation Counsel under 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further directed to complete the USM-285 forms with the address for Correctional Health Services, issue a summons, and deliver all documents necessary to effect service on this defendant to the U.S. Marshals Service.

The Clerk of Court is also instructed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, Warden Michelle Hallet, Deputy Chester, Deputy Sanchez, Captain Thompson, Captain Hopkins, Captain Skinner, Captain Barnaby, Officer Grant, Officer Vincent, Captain Sans, Captain Guerra, and Officer Lubin waive service of summons.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  9/20/21
New York, New York

_____
VERNON S. BRODERICK
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1. Correctional Health Services
   NYC Health + Hospitals
   125 Worth Street
   New York, NY 10013