UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
           :
CLEVELAND BROADNAX,           :
           :
          Plaintiff,   :
           :         21-cv-2926 (VSB)
     -against-       :
           :        **AMENED ORDER OF SERVICE**
WARDEN MICHELLE HALLET, et al.,  :
           :
         Defendants.  :
           :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights. This Order supplements, and does not supersede, my previous Order of Service at Doc. 8.

## DISCUSSION

       On April 5, 2021, Plaintiff sued 14 parties for violations of his civil rights. As he is proceeding *pro se* and IFP, an order of service was issued. (Doc. 8.) That order of service modified the identities of certain defendants, (*id.* at 3) and requested that defendant City of New York waive service on several defendants employed by the New York City Department of Corrections, (*id.* at 4). Service was waived for six of these defendants, all individual correctional officers. (Docs. 11–13) On March 17, 2022, nine of these defendants (the individual officers, a former warden, the City of New York, and Correctional Health Services) answered Plaintiff's complaint. (Doc. 29.)[1]

---

[1] Defendants City of New York, Correctional Health Services, former Warden Hallett, Deputy Warden Chester, Captain Barnaby, Captain Guerra, Captain Hopkins, Captain Skinner, and Captain Thompson.

For five officers, however, the New York City Department of Corrections reported that they were unable to waive service because they could not identify the officers named in the complaint. (Doc. 14.) Pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), I ordered the City of New York to assist in identifying those five officers. (Doc. 33.) The City of New York identified those officers, (Docs. 37, 45) and Plaintiff has amended his complaint to reflect those five officers (*i.e.*, Nicholas Grant, Shade Vincent, Kerline Lubin, Raymond Sanchez, Danielle Sands). (Doc. 49.)

## CONCLUSION

The Clerk of Court is instructed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Nicholas Grant, Shade Vincent, Kerline Lubin, Raymond Sanchez, Danielle Sands waive service of summons.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 28, 2022
New York, New York

*(signature)*
Vernon S. Broderick
United States District Judge